**UNITED STATES of America,**
**Plaintiff,**

v.

**David HEICHMAN et al., Defendants.**

**No. 66 C 720.**

United States District Court
N. D. Illinois, E. D.

May 15, 1968.

Edward V. Hanrahan, U. S. Atty., for plaintiff.

Miles G. Seeley, Burton E. Glazov, Chicago, Ill., for defendants New York Life Ins. Co. and Equitable Life Assur. Soc. of the U. S.

Altman, Kurlander & Weiss, Chicago, Ill., for defendant David Heichman.

PERRY, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause coming to be heard upon the motion of the United States of America, plaintiff herein, for summary judgment against defendant, David Heichman, and the plaintiff having filed a memorandum in support of said motion, and the defendant, David Heichman, having failed to respond thereto within the time set by this Court, and the Court having examined the complaint, answers, request for admissions of fact and genuineness of documents, plaintiff's motion for summary judgment and memorandum in support thereof, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. That according to the schedule set forth below, a delegate of the District Director of Internal Revenue duly made assessments in accordance with law for withholding and social security taxes, and federal unemployment taxes against the defendant, David Heichman, in the total amount of $106,631.65, and more particularly shown below:

| Type of Tax | Quarterly Tax Period | Date of Assessment | Amount Outstanding |
|---|---|---|---|
| Withholding | 4 Qtr. 55 | 4–22–60 | $ 8,171.78 |
| Withholding | 3 Qtr. 56 | 4–22–60 | 8,405.30 |
| Withholding | 2 Qtr. 57 | 4–22–60 | 8,610.16 |
| Withholding | 3 Qtr. 57 | 4–22–60 | 8,162.73 |
| Withholding | 4 Qtr. 57 | 4–22–60 | 7,871.57 |
| Withholding | 1 Qtr. 58 | 4–22–60 | 7,585.09 |
| Withholding | 3 Qtr. 58 | 4–22–60 | 6,964.44 |
| Withholding | 4 Qtr. 58 | 4–22–60 | 6,394.13 |
| Withholding | 1 Qtr. 59 | 5–6–60 | 6,502.94 |
| Withholding | 2 Qtr. 59 | 5–6–60 | 6,891.26 |
| Withholding | 3 Qtr. 59 | 5–6–60 | 6,471.06 |
| Withholding | 4 Qtr. 59 | 5–6–60 | 5,608.69 |
| Withholding | 1 Qtr. 60 | 5–6–60 | 1,072.93 |
| Federal Unemployment | 1957 | 5–18–60 | 455.86 |

Total – $106,631.35*

* Plus interest as provided by law.

(Complaint, paragraph IV; Request for Admission of Facts and Genuineness of Documents, paragraphs 1 and 2)

———◆———

2. That there is outstanding on the assessments described above an unpaid balance of $89,167.94, plus interest according to law. (Request for Admissions of Fact, paragraphs 2(c) and 2(d)).

3. That all of the assessments described above, except the assessment for federal unemployment taxes for 1957, in the amount of $455.86, are secured by Notices of Federal Tax Lien filed with the Recorder of Deeds of Cook County, Illinois, as follows:

| Document Number | Date Filed |
|---|---|
| 17847199 | May 5, 1960 |
| 17851184 | May 10, 1960 |
| 17858482 | May 18, 1960 |

(Memorandum of the United States in Support of Its Motion for Summary Judgment, Exhibits A, B, and C)

4. The defendant, David Heichman, owns an interest in the insurance policies set forth below, said interest being the cash surrender value, and that notices of levy have been served upon the insurance carriers as set forth below:

| Insurer | Policy No. | Cash Surrender Value | Date Notice of Levy Served |
|---|---|---|---|
| Metropolitan Life Insurance Co. 11 South LaSalle Street Chicago, Illinois | 7 026 406-A | $3,175.00 [1] | 5–10–60 |
| Metropolitan Life Insurance Co. 11 South LaSalle Street Chicago, Illinois | 18 730 208-A | 2,010.49 [1] | 5–10–60 |
| The Equitable Life Assurance Society of the United States 29 South LaSalle Street Chicago, Illinois | 11 835 143 | 3,007.66 [2, 1] | 5–10–60 |
| New York Life Insurance Co. Post Office Box 1356 Chicago, Illinois 60690 | 20 119 162 | $4,000.00 [1, 2] | 5–10–60 |

1. As of December 31, 1964
2. Cash value remaining under paid-up Extended Term option.

(Complaint, paragraph VII; Answer of David Heichman, paragraph 7; Answer of New York Life Insurance Company; Answer of Equitable Life Assurance Society of the United States; Metropolitan Life Insurance Company defaulted)

———◆———

5. Defendant, David Heichman, owns an interest in certain property situated in Cook County, Illinois, said interest being a joint beneficial interest in the following described realty, legal title to which is held by Harris Trust and Savings Bank under trust number 8823.

Lot 14 (except the West 4.56 ft. and except the East 4.55 ft. thereof) in Block 14 in Community Subdivision of certain lots and parts of lots in the School Trustees' Subdivision of the North part of Sec. 16. T 39 N, R 13, East of the 3rd P.M., and commonly known as 5400 West Gladys Avenue, Chicago, Illinois.

(Complaint, paragraph VIII, Answer of David Heichman, paragraph 8)

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this litigation. (28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403)

2. This action has been authorized by the Attorney General of the United States and has been brought at the request of the Chief Counsel of the Internal Revenue Service. (Complaint, paragraph II)

3. Requests for admission 2(c) and 2(d) served upon defendant, David Heichman, state that assessments for withholding taxes and federal unemployment taxes were made against defendant, David Heichman, and there is a balance of $89,167.94 due thereon, plus interest

according to law. The defendant, David Heichman, never responded to the requests for admission and they are, therefore, admitted (Rule 36, Federal Rules of Civil Procedure).

4. It is presumed that the assessment of a tax is correct, and once it is proved that an assessment has been made, the burden of proof shifts to the taxpayer to show that the assessment is incorrect. (Commissioner of Internal Revenue v. Hansen, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1949); United States v. Hardy, 299 F.2d 600 (4th Cir. 1962), cert. den. 370 U.S. 912, 82 S.Ct. 1259, 8 L.Ed.2d 405). Since the defendant has admitted, by failing to respond to the requests for admission of facts, that the assessments were made and, further, has admitted that there is due and owing under the assessments a balance of $89,-167.94, plus interest thereon, the assessment is proved, together with the balance due thereunder.

5. That the notices of federal tax lien filed by the United States against the defendant, David Heichman, as more fully discussed in Finding of Fact number 3 above, attach to all of the defendant, David Heichman's, property and rights to property, whether real or personal, including the insurance policies discussed in Finding of Fact number 4 discussed above, and the defendant, David Heichman's, beneficial interest in the land trust discussed in Finding of Fact number 5 discussed above. (26 U.S.C. §§ 6321 and 6323)

6. That the tax liens of the United States discussed in Finding of Fact number 3 above are valid liens upon the property described above which may be foreclosed against the property discussed in Findings of Fact numbers 4 and 5 above. (26 U.S.C. § 7403)

7. That after the tax liens of the United States are foreclosed against the interest of the defendant in the property discussed in Findings of Fact numbers 4 and 5 above, the United States have a judgment against the defendant, David Heichman, for the deficiency, together with costs. (26 U.S.C. § 7402(a) and Rule 54(d), Federal Rules of Civil Procedure)

8. The plaintiff, United States of America, is entitled to summary judgment against the defendant, David Heichman, because there is no issue as to any material fact and the United States is entitled to a judgment as a matter of law. (Rule 56, Federal Rules of Civil Procedure)

## JUDGMENT ORDER

This cause coming to be heard upon the motion of the United States of America, plaintiff, for summary judgment against the defendant, David Heichman, and the Court having granted said motion for summary judgment on April 3, 1968, and having entered Findings of Fact and Conclusions of Law this date:

## NOW THEREFORE IT IS ORDERED ADJUDGED AND DECREED

1. That the rights of the individual defendants herein in the Equitable Life Assurance Society of the United States policy no. 11 835 143, The New York Life Insurance Company policy no. 20 119 162 and the Metropolitan Life Insurance Company policies nos. 7 026 406–A and 18 730 208–A be, and the same are hereby foreclosed in favor of the plaintiff.

2. That The Equitable Life Assurance Society of the United States policy no. 11 835 143, The New York Life Insurance Company policy no. 20 119 162 and the Metropolitan Life Insurance Company policies nos. 7 026 406–A and 18 730 208–A are hereby cancelled, said insurance companies are discharged from

any and all liability under the aforesaid policies of insurance and the individual defendant, David Heichman, is ordered to surrender and turn over said policies to the insurance companies which issued same immediately.

3. That the net cash surrender value, said value to be computed as of the date of this judgment, of the following policies of insurance shall be paid over to plaintiff by the respective insurance companies which issued said policies:

| Issuing Company | Policy Number |
|---|---|
| The Equitable Life Assurance Society of the United States | 11 835 143 |
| The New York Life Insurance Company | 20 119 162 |
| The Metropolitan Life Insurance Company | 7 026 406–A and 18 730 208–A |

The net cash surrender value shall be as computed by the respective companies in accordance with the terms of the policies involved. However, the cash surrender value shall not be diminished by policy loans made after May 10, 1960. "Policy loans" as used herein shall not include automatic premium loans made prior to judgment date and does not include the prorated cost of single premium extended term insurance purchased under the non-forfeiture provisions of said policies from the date of such provision to judgment date. The amount of the cash surrender value paid to plaintiff shall be credited to the liability of defendant, David Heichman.

4. The Harris Trust and Savings Bank, trustee under trust 8823, defendant herein who has been served but is in default, is ordered to convey by trustees deed to the United States of America the undivided interest of the defendant, David Heichman, in the following described property:

Lot 14 (except the West 4.56 ft. and except the East 4.55 ft. thereof) in Block 14 in Community Subdivision of certain lots and parts of lots in the School Trustees' Subdivision of the North part of Sec. 16, T 39 N, R 13, East of the 3rd P.M., and commonly known as 5400 W. Gladys Ave., Chicago, Illinois,

and deliver said trustees deed to the United States Attorney for the Northern District of Illinois.

5. That the United States proceed to foreclose its lien against the defendant, David Heichman's, undivided interest in the property described in paragraph 4 above, after conveyance to the United States of America, pursuant to further order of Court.

6. That the United States of America report to the Court the amount realized from the foreclosure of its liens against the insurance policies and other property, as described in paragraphs 1 through 4 above, and that after application of the net proceeds of said foreclosures, the United States of America have deficiency judgment against the defendant, David Heichman, for the balance due on the total tax liability of defendant, David Heichman, presently in the amount of $89,167.94, plus interest according to law.