PATHMAN CONSTRUCTION COMPANY OF HIGHLAND PARK, Illinois, Pathman Construction Corporation of Indiana, The Home Indemnity Company, Appellants (Defendants Below),

v.

DRUM–CO ENGINEERING CORPORATION, Appellee (Plaintiff Below).

No. 2–1276A489.

Court of Appeals of Indiana, Second District.

March 24, 1980.

Richard C. Probert, Trockman, Flynn & Probert, P.C., Evansville, for appellants.

William A. Waddick, Kunz & Kunz, Michael R. Fruehwald, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendants-appellants Pathman Construction Company of Highland Park, Illinois, (Pathman-Ill.), Pathman Construction Corporation of Indiana (Pathman-Ind.) and the Home Indemnity Company (Home) appeal from a summary judgment granted to Drum-Co Engineering Company (Drum-Co) claiming there were genuine issues of material fact which rendered summary judgment improper.

We affirm.

## FACTS

On August 21, 1968 Drum-Co entered a written contract with Pathman-Ill. in which Drum-Co was to perform certain labors and furnish certain materials as a sub-contractor in a project at the Good Samaritan Hospital (Hospital) in Vincennes. On April 5, 1972, Pathman-Ill. assigned all its rights and its obligations to enforce the contract with Drum-Co to Pathman-Ind.

In 1975, Drum-Co completed the required work and sought payment from Pathman-Ind. However, due to major construction damage, the Hospital withheld payment from Pathman-Ind., the general contractor, who in turn refused to pay Drum-Co, causing Drum-Co to file suit against Pathman-Ill., Pathman-Ind., the Hospital, and Home.[1]

On March 9, 1976, Drum-Co filed its Request for Admissions addressed to each of the defendants with the proviso that they be answered in thirty-six days. The requested admissions read:

1. Attached hereto as Exhibit "1" is a true and correct copy of the Plaintiff's Verified Statement of Claim received by the Association and Governing Board.

2. Plaintiff was a sub-contractor under Pathman-Illinois and/or Pathman-Indiana to install the pneumatic tube system on the project.

3. Plaintiff has completed all work on the project required of it under its subcontract agreement with Pathman-Illinois and/or Pathman-Indiana.

4. Plaintiff had completed its work on the project within 60 days prior to March 13, 1975.

5. There are no back charges against Plaintiff on said project.

6. As of March 13, 1975 and as of the present time there is due and owing to Plaintiff from Pathman-Illinois and/or Pathman-Indiana the sum of $15,379.75 for work performed by Plaintiff on the project as sub-contractor for Pathman-Illinois and/or Pathman-Indiana.

7. Attached hereto as Exhibit "2" is the Contractors Combination Bid Bond For Construction on said project executed by Surety.

Defendants Pathman et al. and Home failed to make a response and on April 19, 1976, more than 36 days later, Drum-Co filed its Motion to Deem Matters in Request for Admissions Admitted,[2] which was granted by the trial court.

---

[1] Home guaranteed Pathman-Ill.'s compliance with the terms of the contract.

[2] *MOTION TO DEEM MATTERS IN REQUEST FOR ADMISSIONS ADMITTED*

Comes now the Plaintiff and moves the Court for an Order that the Defendants, Pathman Construction Company of Highland Park, Illinois and Pathman Construction Corporation of Indiana have admitted all matters in Plaintiff's Request for Admissions filed herein on March 9, 1976 and shows to the Court the following:

1. That no answers or objections to Plaintiff's Request for Admissions have been filed or served upon Plaintiff's counsel by Defendants, Pathman Construction Company of Highland Park, Illinois or Pathman Construction Corpo-

On May 7, 1976, Drum-Co filed for summary judgment and three days later the Hospital responded to the interrogatories previously filed by Drum-Co (on March 9, 1976), which read in part as follows:

# 3 Is either the Association or the Governing Board retaining any other monies due Pathman-Illinois and/or Pathman-Indiana for work performed on the project?

ANSWER: The Association and Board have retained monies in addition to the amounts described in response to Interrogatories No. 1 and 2, but state that these amounts are not due to Pathman-Illinois or Pathman-Indiana because of defective and incomplete work performed on the project.

# 12 Has the construction on the project been finally completed and accepted by the Association and/or governing Board?

ANSWER: No.

On May 27, 1976, Pathman et al. filed the following Trial Rule 60(B) motion for relief from the court's order deeming the matters in Drum-Co's Request for Admissions admitted, claiming they had failed to respond because their attorney was under consideration for a judicial appointment, and that the delay was due to excusable neglect, a position rejected by the trial court without a hearing:

## MOTION FOR RELIEF FROM ORDER

The defendants, Pathman Construction· Company of Highland Park, Illinois, and Pathman Construction Corporation of Indiana, move for relief pursuant to Trial Rule 60(B) of the Indiana Rules of Trial Procedure from "Order Deeming Matters in Request For Admissions Admitted" entered by this Court on April 19, 1976.

In support hereof, said defendants show to the Court the following:

1. The Plaintiff's Request For Admissions were filed on March 9, 1976.

2. Upon receipt of said Request for Admissions, counsel for said defendants forwarded it to said defendants' office for completion.

3. Between March 9, 1976, and April 19, 1976, the attorney of record for said defendants, Thomas M. Swain, was under consideration for the office of Judge of the Vanderburgh Superior Court; after a lengthy selection process, he was subsequently appointed to said office by the Honorable Otis R. Bowen, Governor of the State of Indiana.

4. On April 19, 1976, and before counsel for said defendants received the completed Request for Admissions, the plaintiff filed its Motion To Deem Matters In Request For Admission Admitted.

5. On April 19, 1976, the same day plaintiff filed said Motion, and before counsel for said defendants had the opportunity to respond or to be heard, the Court entered its Order Deeming Matters in Request For Admissions Admitted.

6. The failure of said defendants to file Answers to plaintiff's Request For Admissions constitutes excusable neglect.

7. Said Motion and Order represent surprise against which ordinary prudence could not have guarded.

WHEREFORE, the defendants, Pathman Construction Company of Highland Park, Illinois and Pathman Construction

---

ration of Indiana to the date of the filing of this Motion.

2. That no written statements setting forth reasons why Defendants, Pathman Construction Company of Highland Park, Illinois or Pathman Construction Corporation of Indiana cannot admit or deny Plaintiff's Request for Admissions has been filed herein or served upon the Plaintiff to the date of the filing of this Motion.

3. That a copy of Plaintiff's Request for Admissions filed on March 9, °1976 was served upon counsel for the Defendant, Pathman Construction Company of Highland Park, Illinois and Pathman Construction Corporation of Indiana as per the Affidavit of Service affixed to said Request for Admissions.

WHEREFORE, Plaintiff prays that the Court issue an order deeming that Defendants, Pathman Construction Company of Highland Park, Illinois and Pathman Construction Corporation of Indiana have admitted all matters in Plaintiff's Request for Admissions filed herein on March 9, 1976.

Corporation of Indiana, respectfully request that the Court grant relief from its Order of April 19, 1976, vacating said Order and permitting said defendants to file their Answers to the plaintiff's Request For Admissions.

On June 2, Pathman-Ill. filed the following affidavit by R. C. Buckman in opposition to Drum-Co's request for a summary judgment:

R. C. Buckman, being first duly sworn upon his oath, alleges and says:

1. He is the Vice President of Pathman Construction Company of Highland Park, Illinois and Pathman Construciton [sic] Corporation of Indiana.

2. He makes this affidavit from personal knowledge and is competent to testify to the matters contained herein.

3. Although the Plaintiff has completed all work on the Good Samaritan Hospital Project required of it under the subcontract agreement, the work has not been accepted by the Owners.

4. The Plaintiff is not current with certified payrolls as required by the Davis-Bacon Act and cannot make claim until certified payrolls are met.

5. The Plaintiff did not complete its required work on the Good Samaritan Hospital Project within sixty (60) days prior to March 13, 1975.

6. No sums are now due and owing to the Plaintiff by the defendants, Pathman Construction Company of Highland Park, Illinois and/or Pathman Construction Corporation of Indiana for work performed by the Plaintiff because of the reasons set forth in statements 3, 4 and 5 of this Affidavit.

7. The owners, defendants, Knox County Hospital Association and the Governing Board of the Knox County Hospital have wrongfully and arbitrarily withheld and refused to pay sums now due and owing to the Plaintiff for work performed by the Plaintiff on the Good Samaritan Hospital Project.

8. The Owners, defendants, Knox County Hospital Association and the Governing Board of the Knox County Hospital, are liable for any and all sums which may be due and owing to the plaintiff.

Drum-Co moved that the trial court strike paragraphs three through six of Buckman's affidavit for various substantive irregularities, but failed to attack the affidavit as a whole on the grounds of improper authentication.

Pursuant to this motion the trial court struck paragraphs three through six of Buckman's affidavit, and, based upon the admissions of the defendants, entered summary judgment for Drum-Co, which reads in part as follows:

## JUDGMENT

. . . . .

3. On August 21, 1968, plaintiff entered into a written sub-contract with the defendant Pathman Construction Company of Highland Park, Illinois under which sub-contract, plaintiff was to perform certain labor and furnish certain materials at the Good Samaritan Hospital, Knox County, Vincennes, Indiana.

. . . . .

5. Plaintiff has completed all work on said hospital project required of it under its subcontract agreement with Pathman Construction Company of Highland Park, Illinois and/or Pathman Construction Corporation of Indiana.

6. Plaintiff had completed its work on said hospital project within sixty (60) days prior to March 13, 1975.

7. There are no back charges against Plaintiff on said hospital project.

8. As of March 13, 1975, and as of the present time, there is still due and owing to plaintiff from Pathman Construction Company of Highland Park, Illinois and Pathman Construction Corporation of Indiana, the sum of Fifteen Thousand Three Hundred Seventy-Nine and 75/100 Dollars ($15,739.75) [sic] for work performed by plaintiff on said hospital project as a subcontractor for said defendants.

9. The defendant Home Indemnity Company executed on behalf of Pathman Construction Company, a contractor's combination bid bond and bond for construction covering the work to be performed by the Pathman Construction Company in connection with said hospital project and that plaintiff is a party for whose benefit such bond was executed and entitled to payment of this claim by said defendant.

. . . . .

11. The Verified Statement of Claim attached as Exhibit "A" to plaintiff's complaint was filed with the defendant Governing Board of the Knox County Hospital by letter mailed March 13, 1975, by certified mail, return receipt requested, and received by said defendant March 14, 1975.

And the Court further finds that the plaintiff is entitled to a judgment as a matter of law and entitled to recover of and from the defendants Pathman Construction Company of Highland Park, Illinois, Pathman Construction Corporation of Indiana and The Home Indemnity Company, the sum of $15,379.75, together with interest at the rate of eight percent (8%) per annum from March 14, 1975, in the sum of $1,435.42, and costs of this action.

## ISSUES

From that judgment Pathman, et al. and Home bring this appeal raising four issues:

1. Did the trial court err by accepting the Admissions without a hearing.

2. Whether the trial court abused its discretion by denying the Motion for Relief from the order admitting the admissions.

3. Did the trial court err by striking several paragraphs of the affidavit of R. C. Buckman.

4. Whether the trial court erred by granting summary judgment for Drum-Co.

## DECISION

*ISSUE ONE*—Did the trial court err by accepting the Admissions without a hearing.

*PARTIES' CONTENTIONS*—Pathman, et al., initially claim that it was error for the court to enter an ex parte order deeming the matters in the Request for Admissions admitted. They argue that such ex parte procedures are traditionally held in disfavor and an opportunity to be heard should have been permitted especially since Drum-Co chose to enforce the rule by filing a motion.

Drum-Co replies that admissions which are not timely answered are automatically deemed to be true by operation of Ind. Rules of Procedure, Trial Rule 36. The fact that a motion was filed to enforce the rule is irrelevant.

*CONCLUSION*—The trial court did not err in accepting the admissions without a hearing.

The answer to this issue lies in the specific wording of T.R. 36(A) which reads in relevant part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, . . .

*The matter is admitted* unless, within a period designated in the request, not less than thirty (30) days after service thereof or within such shorter or longer time as the court may allow, *the party to whom the request is directed serves upon the party requesting the admission a written answer* or objection addressed to the matter, signed by the party or by his attorney. (emphasis supplied)

■ Once the time limit specified in the request has passed, the admissions were admitted by operation of law. T.R. 36(A); *Clark County State Bank v. Bennet* (1975), 166 Ind.App. 471, 336 N.E.2d 663; *Smith v. Young* (1974), 160 Ind.App. 83, 310 N.E.2d 84; 8 Wright & Miller, Federal Practice & Procedure, § 2259 (1970); *John Mohr & Sons v. Apex Terminal Warehouses, Inc.* (7th Cir. 1970) 422 F.2d 638.

Drum-Co's motion to have the matters admitted was superfluous inasmuch as the requested admissions are automatically admitted following the failure to answer "within [the] period designated . . . ." The filing of the motion by Drum-Co did not serve to create rights for defendants Pathman et al. to a hearing that do not exist under the terms of T.R. 36. *See Balistrieri v. Holtzman* (E.D.Wis.1972) 55 F.R.D. 470. The admitting parties here did not file a motion as allowed by T.R. 36(B) [3] to withdraw or amend their admissions a procedure they chose not to follow. *See Inter-City Contractors Services, Inc. v. Consumer Building Industries, Inc.* (1978), Ind.App., 373 N.E.2d 903. Consequently, they have no cause for complaint.

*ISSUE TWO*—Whether the trial court abused its discretion by denying the Motion for Relief from the order admitting the admissions.

*PARTIES' CONTENTIONS*—Pathman et al. claim that the trial court abused its discretion by denying their motion for relief under Ind. Rules of Procedure, Trial Rule 60(B) from the court's order deeming the matters in the Request for Admissions admitted. They claim that because the delay was due to excusable neglect, relief should have been granted.

Drum-Co replies that T.R. 60 only applies to *final orders*, and relief under that rule was properly denied. Alternatively, Drum-Co claims that Pathman did not show a sufficient reason for the delay to necessitate a finding of abuse of discretion in denying the relief.

*CONCLUSION*—The trial court did not err in denying the T.R. 60 motion.

 This Trial Rule, as written at the time in question, is somewhat lacking in clarity. It provides that "On motion and

upon such terms as are just the court may relieve a party . . . from a final judgment, order, default or proceeding . . . ." A reasonable interpretation is that relief is only available from a *final* judgment, order, default or proceeding. *See* 4 Harvey, Indiana Practice, § 60.23(7) (1970) at p. 223. As there is no other Indiana authority to guide us we turn to the federal cases, which uniformly require finality. Typical is the language in *Weva Oil Corp. v. Belco Petroleum Corp.* (D.C.W.Va. 1975) 68 F.R.D. 663 at 666:

> Counsel does not cite, nor has the Court found any decision applying the provisions of Rule 60(b), so as to relieve a party for failure to make timely response under the requirements of Rule 36(a). The language of Rule 60(b) clearly states its applicability to "a *final* judgment, order, or proceeding" and does *not* appear to make, even by implication, its provisions relevant to Rule 36(a). [emphasis added]. Sections 2257 and 2259, Wright, supra, cite authority in support of the proposition that a court can, in its discretion, permit untimely answers to requests for admission, but it is noteworthy that where such relief is granted, the court must consider whether permitting answers out of time would prejudice the requesting party.

The order denying the motion for relief from the order finding the admissions admitted can be considered to be interlocutory in nature because it does not determine the entire controversy nor does it decide the case on its merits. *See Richards v. Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5; *Greyhound Lines, Inc. v. Vanover* (1974) 160 Ind.App. 289, 311 N.E.2d 632; 4A J. W. Moore, Moore's Federal Practice, § 36.01[7] (2nd ed. 1978).[4]

---

3. T.R. 36(B) states in pertinent part:
 "Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

4. T.R. 60(B) could be interpreted to apply to *any* order. Though we find no cases to support this interpretation, the amended version of T.R.

60(B), effective January 1, 1980, does appear to eliminate any necessity of finality except as to a judgment. However, such a reading of the rule would lead to incongruous results. It is a well known principle that rules of procedure are to be construed together so as to effectuate the intent of the whole. *State Farm Mutual Automobile Insurance Company v. Shuman* (1st Dist. 1977) Ind.App., 370 N.E.2d 941, 945.

The decisive factor, however, is that the specific procedure for obtaining relief from the admissions is explicitly set forth in T.R. 36(B). And this procedure was not followed. The Rule states, in part:

> Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

The standard used is that the party seeking withdrawal or amendment may be allowed to do so "when the presentation of the merits . . . will be subserved thereby." There is no reference to mistake, inadvertence, surprise, and excusable neglect as in T.R. 60(B), and the federal cases have construed T.R. 36(B) without reference to T.R. 60(B). *Weva Oil Corp., supra; Westmoreland v. Triumph Motorcycle Corp.* (D.C.Conn.1976) 71 F.R.D. 192; *Warren v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America* (8th Cir. 1976) 544 F.2d 334; *Pleasant Hill Bank v. United States* (W.D.Mo. 1973) 60 F.R.D. 1; *United States v. Heichman* (N.D.Ill.1968) 45 F.R.D. 122; *Pickens v. Equitable Life Assurance Society of United States* (5th Cir. 1969) 413 F.2d 1390.

■ The motion submitted by Pathman et al. was cast solely in terms of T.R. 60(B) relief (excusable neglect) and so did not present to the trial court the question whether presentation of the merits of the action would be subserved if the admissions were withdrawn or amended (or whether Drum-Co would be prejudiced in maintaining its action on the merits). Thus we must

conclude that the trial court did not err in denying the T.R. 60(B) motion. Federal cases support this conclusion.

*ISSUE THREE*—Did the trial court err by striking several paragraphs of the affidavit of R. C. Buckman.

*PARTIES' CONTENTIONS*—Pathman, et al. claim the trial court erred when it struck several paragraphs of Buckman's affidavit. Initially, they claim the trial court had no authority to strike the testimony, and secondly, there was no basis for such action.

Drum-Co replies that the court is able to strike improper paragraphs of affidavits, and that the paragraphs struck were improper because they concerned matters already admitted.

The trial court struck paragraph three of Buckman's affidavit, which reads:

> # 3. Although the Plaintiff has completed all work on the Good Samaritan Hospital Project required of it under the subcontract agreement, the work has not been accepted by the Owners.

The last phrase of the above quoted paragraph is irrelevant because of matters established and admitted by Pathman et al. by their failure to file an answer to Drum-Co's request for admissions, to-wit:

> # 3. Plaintiff has completed all work on the project required of it under its subcontract agreement with Pathman-Illinois and/or Pathman-Indiana.
>
> # 6. As of March 13, 1975 and as of the present time there is due and owing to Plaintiff from Pathman-Illinois and/or Pathman-Indiana the sum of $15,379.75 for work performed by Plaintiff on the project as sub-contractor for Pathman-Illinois and/or Pathman-Indiana.

---

The underlying purpose of the trial rules is that "[t]hey shall be construed to secure the just, speedy and inexpensive determination of every action." T.R. 1. *See also, Southern Indiana Rural Electric Cooperative, Inc. v. Civil City of Tell City* (1st Dist. 1979) Ind.App., 384 N.E.2d 1145, 1149. A ruling or order of the court denying or granting T.R. 60(B) relief is deemed a final judgment to the extent that an appeal may be taken therefrom as in the case of a

judgment. *See* T.R. 60(C) and the Appellate Rules. Accordingly, if T.R. 60(B) were interpreted to refer to "any" order, T.R. 60(C) would sanction separate appeals from denial of numerous and sequential T.R. 60(B) motions addressed to every interlocutory ruling and order. Such piecemeal appeals would defeat the goal of expeditious and inexpensive disposition of appeals which the rules were designed to promote.

Trial Rule 36 itself specifically answers the question whether a party may attempt to undermine its admissions by later disputing them. In subsection (A) the rule states that "[t]he matter is admitted unless . . ." the party served responds by written answer or objection. (The Indiana Rule omits the word "deemed" which precedes the word "admitted" in the Federal Rule.) Further, sub-section (B) states "[a]ny matter admitted under this rule is conclusively established . . . ."

In *McSparran v. Hanigan* (E.D.Pa.1963) 225 F.Supp. 628, 636, the court explained:

Rule 36, Federal Rules of Civil Procedure, deals with requests for admission of the genuineness of documents or of the truth of matters of fact set forth in the request. It does not, however, specifically describe the effect of an admission, or its nature. Its language, however, is significant. It is not with admissions of the truth of items of evidence that the rule is concerned. It deals with admissions of the truth of matters of *fact*. Evidence is the means by which facts are proven. Requests for admission deal therefore with admissions of facts rather than the evidentiary circumstances by which they may be established.

*See also United States v. Lemons* (W.D.Ark. 1954) 125 F.Supp. 686.

Also, in 3 W. Harvey, Indiana Practice, p. 97, the author cites with approval a lengthy article from the Yale Law Journal [5] regarding admissions, part of which says:

If Rule 36 is to fulfill its function the admissions it produces should be held conclusive at trial: A proposition that stands admitted should be deemed established without further proof, and disproof should not be permitted. Unless admissions are given this effect, they will do little either to ease the burden of trial preparation or to facilitate the trial itself. If a contention may be disputed even though it has been admitted, the party asserting the contention must be fully prepared to prove it and the tribunal hearing the case will have to debate and resolve it.

. . . . .

A rule which allowed dispute at trial could turn the admissions procedure into a useless appendage.

The reasons proffered by these distinguished commentators sway us.

▄ As Pathman et al. have previously admitted that Drum-Co performed the work contracted for without back charges being due, a position specifically admitted by the Hospital,[6] the trial court properly rejected any reference in Buckman's affidavit raising that issue.

Paragraph # 4 of Buckman's affidavit was struck by the trial court because it was a conclusion of law and not based upon personal knowledge. It reads:

The Plaintiff is not current with certified payrolls as required by the Davis-Bacon Act and cannot make claim until certified payrolls are met.

▄ Regardless of the correctness of the trial court's ruling on that question, the issue has been waived because Pathman failed to timely raise the issue in their responsive pleading. Ind. Rules of Procedure, T.R. 8(C), requires that a party set out all affirmative defenses in their responsive pleading including " . . . any other matter constituting an avoidance, matter of abatement, or affirmative defense." Cer-

---

**5.** Finman, *The Request for Admissions in Federal Civil Procedure,* 71 Yale L.J. 371 (1962).

**6.** Hospital's admission to Drum-Co's request for admissions read as follows:
Request No. 3:
Plaintiff has completed all work on the project required of it under its sub-contract agreement with Pathman-Illinois and/or Pathman-Indiana.
Response:
Admitted.
Request No. 5:
There are no back charges against Plaintiff on said project.
Response:
The Association and Board admit that they have made no back charges or claims against Pathman-Illinois or Pathman-Indiana based upon work performed by Plaintiff on said project.

tainly Drum-Co's alleged non-compliance with the Davis-Bacon Act could fall under this rule, and Pathman's failure to file such a responsive pleading would constitute a waiver of the issue. *See Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701; *Weenig v. Wood* (1976), Ind.App., 349 N.E.2d 235.

■ Paragraph five of Buckman's affidavit which reads:

The Plaintiff did not complete its required work on the Good Samaritan Hospital Project within sixty (60) days prior to March 13, 1975.

was properly struck because it was previously deemed admitted by Pathman-Ind. and Pathman-Ill.

And finally, paragraph six merely summarizes the earlier stricken paragraphs:

No sums are now due and owning to the Plaintiff by the defendants, Pathman Construction Company of Highland Park, Illinois and/or Pathman Construction Corporation of Indiana for work performed by the Plaintiff because of the reasons set forth in statements 3, 4, and 5 of this Affidavit.

As a reiteration of the earlier paragraphs it was properly struck.

■ Pathman's contention that the trial court has no authority to strike improper provisions in an affidavit supporting or opposing a motion for summary judgment, also fails. Ind. Rule of Procedure, Trial Rule 56(E) provides:

Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein. (Emphasis added)

Necessarily, as the trial court is limited in what it may consider in such an affidavit, it must be presumed to have authority to strike improper portions thereof.

Such an interpretation of T.R. 56(E) in *Wallace v. Woods* (1971), 149 Ind.App. 257, 268–269, 271 N.E.2d 487, 493–494, has been recognized by this court:

It is elementary that affidavits in a motion for a summary judgment or in opposition to the same, must be made on a high standard of admissibility and on the personal knowledge of the movant.

. . . . .

It is our opinion that appellant's wife was merely speculating as to what "could" happen in regard to an early discharge. It is elementary that "possibilities", "conjecture", and "surmise" do not meet the standard of admissible evidence. It is for this reason that the trial court did not err in striking paragraphs 2 and 3 of the affidavit in opposition to defendant's motion for summary judgment.

*ISSUE FOUR*—Whether the trial court erred by granting summary judgment for Drum-Co.

*CONCLUSION*—Summary judgment was properly granted because there existed no genuine issues of material fact.

In reviewing a summary judgment we are mindful that " . . . the summary judgment proceeding is not for the purpose of permitting a trial of real and genuinely contested issues of facts by affidavits and other pleadings, because a summary judgment is not a trial in the usual sense . . ." *Babchuck v. Heinold Elevator Company* (1969), 144 Ind.App. 328, 333, 246 N.E.2d 211, 215.

Our decisions construing T.R. 56 and its predecessor statute make it clear that the purpose of the summary judgment provision is not to evade jury trials or [to] have the judge weigh the evidence to determine where the preponderance lies in advance of its being presented. *Letson v. Lowmaster* (1976), Ind.App., 341 N.E.2d 785, 787.

Disputes are to be resolved by this mechanism only if there are no genuine issues as to any material fact.

■ Pathman-Ind. claims there are six genuine issues of material fact that must be resolved at trial:

1.) Has the Hospital accepted the subcontract performance of Drum-Co?

Any questions regarding this issue are resolved by paragraphs # 3, # 5 and # 6 of Pathman's admissions which state:

# 3 Plaintiff has completed all work on the project required of it under its sub-contract agreement with Pathman-Illinois and/or Pathman-Indiana.

# 5 There are no back charges against Plaintiff on said project.

# 6 As of March 13, 1975 and as of the present time there is due and owing to Plaintiff from Pathman-Illinois and/or Pathman-Indiana the sum of $15,379.75 for work performed by Plaintiff on the project as sub-contractor for Pathman-Illinois and/or Pathman-Indiana.

Also, the Hospital specifically admitted the first paragraph and was without information to admit or deny the latter paragraph.

2.) Was the sub-contract performed by Drum-Co in any way defective or incomplete?

Admissions # 3, # 5 and # 6 by Pathman, which are quoted above, resolve this question.

3.) Did Drum-Co file its verified claim with the Hospital within sixty (60) days after allegedly completing its work pursuant to the sub-contract?

Exhibit "B" filed by the Hospital attached to its answers to Drum-Co's interrogatories states that Drum-Co filed a verified claim for payment on March 14, 1975, and had completed its work within sixty (60) days of that date. Further, Pathman's admission # 4 reads as follows:

Plaintiff has completed its work on the project within 60 days prior to March 13, 1975.

No material dispute exists here.

4.) Has Drum-Co performed all of the conditions precedent required of it by the sub-contract of August 21, 1968?

Pathman has failed to indicate in what manner Drum-Co has failed to perform the conditions precedent of the sub-contract other than discussed elsewhere. As they have failed to be more specific, we can see no genuine issue of material fact here.

5.) Has Drum-Co complied with the provisions of the Davis-Bacon Act, 40 U.S.C. §§ 276a to 276a–5?

As previously indicated Pathman failed to raise this issue in its responsive pleading as required in Ind. Rules of Procedure, Trial Rule 8(C). Because such an issue would constitute an avoidance, any such issue is waived. *Miller, supra; Weenig, supra.*

6.) What is the credibility of R. C. Buckman and what weight should be attached to his testimony?

Pathman's final "issue" is somewhat ephemeral. The testimony of Buckman through his affidavit has been rejected, not because of a lack of credibility, but because the substance of that affidavit has been waived because it was not timely raised or it is in direct conflict with matters previously admitted.

Therefore, as Pathman has raised no genuine issue of any material fact, the summary judgment granted by the trial court was proper.

Affirmed.

SHIELDS and SULLIVAN, JJ., concur.