ATTORNEYS FOR APPELLANT
ALLSTATE INSURANCE COMPANY

Patrick J. Dietrick
Collignon & Dietrick, P.C.
Indianapolis, Indiana

Ronald D. Getchey
Luce, Forward, Hamilton
& Scripps LLP
San Diego, CA

Karl L. Mulvaney
Nana Quay-Smith
Candace L. Sage
Bingham McHale LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
TED AND ROSELLA FIELDS

Kenneth J. Allen
David W. Conover
Michael T. Terwilliger
William Lazarus
Kenneth J. Allen & Associates, P.C.
Valparaiso, Indiana

# In the
# Indiana Supreme Court

No. 45S05-0506-CV-291

ALLSTATE INSURANCE COMPANY,　　　　*Appellant (Intervenor-Defendant below),*

v.

TED FIELDS AND
ROSELLA M. FIELDS,　　　　*Appellees (Plaintiffs below).*

and

JIMMIE L. WOODLEY,　　　　*(Defendant below)[1]*

Appeal from the Lake Circuit Court, No. 45C01-9510-CT-1927
The Honorable Lorenzo Arredondo, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A05-0308-CV-397

**February 22, 2006**

**Dickson, Justice**.

---

[1] Defendant Jimmie L. Woodley is not seeking relief on appeal, and has not filed a brief as appellant or appellee. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal. As filed, the appeal lists Woodley's name first and identifies him as an appellant. The above caption more accurately reflects the respective roles of the parties in this appeal.

Allstate Insurance Company initiated this interlocutory appeal when the trial court denied its motion seeking relief under Indiana Trial Rule 60(B) from an order defaulting Allstate on liability and set the case for trial on damages only after Allstate refused to comply with court orders. This appeal challenges not only the denial of Allstate's motion for relief from default, but also the denial of its motions for partial summary judgment and for an order in limine limiting evidence at the damages trial. Allstate had not obtained or sought trial court certification pursuant to Appellate Rule 14(B) to bring an interlocutory appeal on any of the issues. The plaintiffs/appellees, Ted and Rosella Fields, challenged the jurisdiction of the Court of Appeals in an unsuccessful motion to strike and dismiss and again in their reply brief. The Court of Appeals found that it had jurisdiction under Indiana Trial Rule 60(C) because one issue was the denial of relief from the default, and it also concluded that Indiana Appellate Rule 66(B) provided a basis for it to exercise appellate jurisdiction over the other interlocutory issues, ultimately deciding that one of these other issues, the denial of Allstate's motion for partial summary judgment, was incorrectly decided. Woodley v. Fields, 819 N.E.2d 123, 130, 132-33 (Ind. Ct. App. 2004). We granted transfer, thereby automatically vacating the decision of the Court of Appeals pursuant to Indiana Appellate Rule 58(A), and we now dismiss the appeal, holding that Indiana Trial Rule 60(B) authorizes a motion for relief only from final, not interlocutory, orders, and that no appeal may be taken under Trial Rule 60(C) from the denial of a motion for relief from an interlocutory order granting default judgment on less than all issues.

The rules governing Indiana trial and appellate proceedings generally restrict appellate recourse until after the entry of a final judgment or other final action by the trial court. The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments. *See* Ind. Appellate Rules 4(A)(1), 5(A). A trial court judgment "as to one or more but fewer than all of the claims or parties" is a final appealable judgment only "when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment." Ind. Trial Rule 54(B). But a "judgment, decision or order as to less than all the claims and parties is not final." *Id.* An exception is made by Indiana Appellate Rule 14 for appeals from certain kinds of interlocutory orders enumerated in the rule, *see* App. R. 14(A), and for appeals from other interlocutory orders only if the trial court certifies its order to allow an immediate appeal, and the Court of Appeals accepts

jurisdiction over the appeal. App. R. 14(B). Although acknowledging that the challenged trial court rulings are interlocutory, Allstate contends that they are nevertheless presently reviewable pursuant to Trial Rule 60(C) because of the trial court's denial of its motion for relief from the order of default as to liability.

Trial Rule 60 is entitled "Relief from judgment or order." Even after the deadlines have passed for filing a motion to correct error under Trial Rule 59 or for initiating an appeal under Appellate Rule 9, a party may nevertheless seek relief under limited circumstances as provided in Rule 60. Section (A) addresses the correction of clerical mistakes. Section (B) defines a procedure and specifies grounds for a party seeking relief from certain trial court actions. Section (C) deals primarily with the appealability of trial court rulings upon motions presented under section (B). In relevant part, the rule states:

> **(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> * * *
>
> **(C) Appeal—Change of venue.** A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdividsion (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment.

T.R. 60.

Since the original adoption of Indiana Trial Rule 60(B), there have been three variations of the language identifying the types of trial court action to which it applies. When first promulgated in 1969, subsection (B) permitted a trial court to grant relief "from a final judgment, order, default or proceeding." INDIANA RULES OF PROCEDURE (1969, effective January 1, 1970). This was amended in 1980 to read "from an order, entry of default, proceeding, or final judgment by default." 4 William F. Harvey, INDIANA PRACTICE – RULES OF PROCEDURE ANNOTATED 212-13. A further amendment in 1981 resulted in the present language: "from an entry of default, final order, or final judgment, including a judgment by default." *Id*. The purpose for the 1981 change was explained in Comments by the Indiana Supreme Court Committee on Rules of Practice and Procedure:

> The first sentence of Section (B) is amended and the amendment is necessitated in part by the possible construction of Trial Rule 60(B) in its present form which would permit, pursuant to Trial Rule 60(C), a direct appeal from a denial of Trial Rule 60(B) relief sought against an interlocutory order. <u>Pathman Constr. Co. of Highland Park v. Drum-Co Eng'g Corp.</u>, 402 N.E.2d 1 (Ind. Ct. App. 1980). The word "proceeding" has been deleted because a party does not seek relief from a proceeding but from an order or a judgment.

4 Harvey, *supra*, at 212. We understand this explanation to indicate an intent to adhere to <u>Pathman</u>.

In <u>Pathman</u>, when the defendants did not timely respond to the plaintiff's request for admissions, the trial court entered an order deeming matters admitted. The defendant filed a motion under Trial Rule 60(B) seeking relief from the order. The trial court denied the motion and granted the plaintiff's motion for summary judgment. On appeal, the defendant challenged the court's denial of its 60(B) motion for relief. On this issue, the Court of Appeals, referring to the language of Rule 60(B) before its 1980 amendment, noted that the rule "as written at the time in question, is somewhat lacking in clarity," but interpreted it to state that "relief is only available from a *final* judgment, order, default or proceeding." <u>Pathman</u>, 402 N.E.2d at 6 (emphasis in original). The court held that the order denying the motion for relief "can be considered to be interlocutory in nature because it does not determine the entire controversy nor does it decide the case on its merits." *Id.* In interpreting the rule to apply only to *final* judgments, orders, or proceedings, the court noted the absence of Indiana precedent and turned to federal cases, which it found to "uniformly require finality." *Id.*

Rule 60 under the Federal Rules of Civil Procedure is similar to Indiana's Rule. But in contrast to Indiana's Rule 60(B), which permits relief "from an entry of default, final order, or final judgment, including a judgment by default," its federal counterpart allows relief "from a final judgment, order, or proceeding." FED. R. CIV. P. 60(b). This provision within the federal rules has been interpreted as being applicable only to final judgments.

> Rule 60(b), however, as amended in 1948, applies only to "a final judgment, order, or proceeding." Thus, the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b). The rule does apply, however, to all final judgments, including consent

4

and default judgments as well as those entered after contest. [2]

Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2852, p. 233-235 (1995) (citations omitted).

We find no basis for construing the specific inclusion of the phrase "entry of default" in the Indiana rule so as to apply to interlocutory orders of default that do not constitute a final judgment.  To the contrary, fairness and sound judicial administration do not favor granting an exceptional privilege of immediate appellate access to a party defaulted for failure to comply with applicable rules or court orders.  In light of Pathman and the 1981 amendment intended to reflect its holding, Professor Harvey correctly states that Indiana Trial Rule 60(B) "does not apply to interlocutory orders, and a party may seek relief only from a final judgment or order that determines the entire controversy or decides the case on the merits."  Harvey, *supra*, at 220.

Requiring that Rule 60(B) be limited to relief from final judgments or orders does not undermine the function of Rule 60(C), which provides that a ruling denying or granting relief under 60(B) "shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment."  T.R. 60(C).  The function of Rule 60(B) is to permit parties to challenge a judgment at a point subsequent to the expiration of the time allowed for filing a motion to correct error or initiating an appeal.  When a trial court denies such a 60(B) motion, a party aggrieved thereby must have an opportunity to appeal.  Trial Rule 60(C) establishes that such a ruling constitutes a final judgment, thus permitting an appeal, and triggers the timing deadline for taking such an appeal.  If a 60(B) motion is granted, thus reopening a final judgment, the rule likewise deems such a grant to be an appealable final order, providing immediate appellate access to an aggrieved party who had previously obtained a final judgment in its favor.

---

[2] The Advisory Committee Note to the amendment of Rule 60(b) in 1948, which modified the federal rule to read substantially as it does today, says:

> The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2852, p. 233-34, n.8. (1995).

Although Rule 60(B) applies to permit limited challenges only to final orders or judgments, a party is not prevented during the pendency of a case to seek reconsideration of an interlocutory ruling by the trial court. The Trial Rules recognize this common practice, but provide that no hearing is required upon such a motion. T.R. 53.4. In the present case, it was thus entirely permissible for Allstate to request the trial court to reconsider its entry of default on the issue of liability. The important consequence is that such a motion for reconsideration of an entry of default is not a request for relief under Trial Rule 60(B), the denial of which would be "deemed a final judgment, and an appeal may be taken therefrom" pursuant to Trial Rule 60(C). The denial of such a request for reconsideration would instead be an interlocutory ruling not subject to immediate appeal except pursuant to Appellate Rule 14.

Even though Allstate styled its motion as presenting a Rule 60(B) request for relief from default, it would have been proper for the trial court to treat it as a request for reconsideration. The trial court here considered the motion on its merits and denied it. Allstate did not obtain certification for interlocutory appeal from the trial court. It was therefore not entitled to present an interlocutory challenge to the trial court's denial of its motion seeking relief from the entry of default.

The conclusion of the Court of Appeals that it had jurisdiction to address Allstate's interlocutory challenges is predicated on its mistaken assumption that Rule 60(C) automatically permits an immediate appeal from the denial of a 60(B) motion for relief from the order of default. Woodley, 819 N.E.2d at 131-32. Thus finding jurisdiction under Rule 60(C), the court proceeded to "invoke our discretion" under Appellate Rule 66(B) and address "all of Allstate's issues raised on appeal." *Id.* at 130. Since the time the Court of Appeals issued its decision in the present case, however, we decided Daimler Chrysler Corp. v. Yaeger, 838 N.E.2d 449 (Ind. 2005), in which we held "that Appellate Rule 66(B) does not authorize an interlocutory appeal that fails to comply with Appellate Rule 14," *id.* at 449-50, and dismissed the appeal because Daimler Chrysler had failed to first seek and obtain certification from the trial court authorizing an appeal from the interlocutory order. *Id.* at 450.

In view of the absence of jurisdiction to decide Allstate's appeal from the denial of its

6

motion for relief from the interlocutory entry of default, we conclude that there is no jurisdiction under Appellate Rule 66(B) to decide any of the other issues raised by Allstate in this appeal.

Having previously granted transfer, thereby vacating the decision of the Court of Appeals, this appeal is now dismissed, and the cause remanded to the trial court for further proceedings.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.