PHYLLIS WAGONER, Appellant-Defendant,
v.
KAREN POWERS, Appellee-Plaintiff.
No. 49A02-0601-CV-38.
Court of Appeals of Indiana.
December 4, 2006.
DONALD L. CENTERS, Hannon Hutton & Associates, P.C., Indianapolis, Indiana, ATTORNEY FOR APPELLANT.
RICHARD A. MANN, Richard A. Mann, P.C., Indianapolis, Indiana, ATTORNEY FOR APPELLEE.

MEMORANDUM DECISION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Defendant, Phyllis Wagoner (Phyllis), appeals the trial court's denial of her Motion to Set Aside Judgment pursuant to Indiana Trial Rule 60(B)(8) in favor of Appellee-Plaintiff, Karen Powers (Powers).
We dismiss and remand for further proceedings.

ISSUE
Phyllis raises three issues on appeal, only one of which we find dispositive and which we restate as: Whether the default judgment entered against Phyllis is a final and appealable Order pursuant to Indiana Trial Rule 60(B).

FACTS AND PROCEDURAL HISTORY[1]
On January 14, 2005, Powers filed a Complaint against George Wagoner (George), Phyllis' spouse, alleging that he had made fraudulent representations in the residential real estate sales disclosure form during the sale of his real estate to Powers. On March 3, 2005, Powers amended her Complaint by adding Phyllis as a defendant and raising the identical issues against her as those included in the original Complaint against George. On March 7, 2005, George filed a reply to Powers' Amended Complaint.
On March 14, 2005, Phyllis was served by certified mail with the Amended Complaint and a Summons that had been prepared and mailed directly to her by Powers. Four months later, on August 15, 2005, Powers filed a Motion for Default Judgment seeking to default Phyllis on the Amended Complaint. The trial court denied this motion the next day as Powers had failed to secure proper service on Phyllis. On August 22, 2005, a Summons was issued by the Marion County Clerk, which was served on Phyllis by certified mail on August 25, 2005.
On September 7, 2005, Powers filed a Motion to Reconsider requesting that the trial court reconsider its previous denial of her Motion for Default Judgment. On September 12, 2005, the trial court granted Powers' Motion to Reconsider. Consequently, on September 20, 2005, the trial court entered its Default Judgment against Phyllis, awarding damages of $144,240.00 to Powers and requiring Powers to deed her interest in the real estate to Phyllis, and her co-defendant, George, upon payment of the full judgment amount. On or about October 11, 2005, Phyllis filed a Motion to Set Aside Judgment pursuant to Indiana Trial Rule 60(B)(8). On December 15, 2005, the trial court denied this motion.
On January 9, 2006, Phyllis filed a Motion for Reconsideration and Request for Expedited Ruling with the trial court, which she clarified on January 20, 2006. At the same time, on January 17, 2006, Phyllis appealed the trial court's denial of her Motion to Set Aside Judgment pursuant to Indiana Trial Rule 60(B)(8). On February 6, 2006, the trial court issued an entry declining to address Phyllis' clarified Motion in view of this pending appeal.[2]
Phyllis now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION
In the instant case, Phyllis appeals the trial court's Order denying her motion to seek relief under Indiana Trial Rule 60(B).[3] In its recent decision of Allstate Ins. Co v. Fields, 842 N.E.2d 804, 806 (Ind. 2006), our supreme court determined the procedural timing when an appeal can be taken from a motion for relief under Indiana Trial Rule 60(B). Relying on the rules governing Indiana trial and appellate proceedings which generally restrict appellate recourse until after the entry of a final judgment or other final action by the trial court, the Allstate court held that Indiana Trial Rule 60(B) authorizes a motion for relief only from final, not interlocutory orders. Id. Additionally, the supreme court ruled that no appeal may be taken under Trial Rule 60(C) from the denial of a motion for relief from an interlocutory order granting default judgment on less than all issues. Id.
Here, the trial court, by entry of its Default Judgment on September 20, 2005, settled all issues with respect to Phyllis. Nevertheless, the trial court did not dispose, or even decide, any issues relating to Phyllis' co-defendant, George. Accordingly, the trial court has yet to enter its final judgment in the case before us. Therefore, we dismiss this appeal as being premature and remand the cause to the trial court for further proceedings.

CONCLUSION
Based on the foregoing, we find that the default judgment entered against Phyllis is not a final and appealable Order pursuant to Indiana Trial Rule 60(B).
Dismissed and remanded for further proceedings.
BAILEY, J., and MAY, J., concur.
NOTES
[1] We encourage Appellee to acquaint herself with Indiana Appellate Rule 46 (B)(1) which stipulates that if Appellee omits a statement of facts, the brief nevertheless has to contain a statement that "the appellee agrees with the appellant's statements."
[2] Upon the trial court's entry, Phyllis filed a Verified Motion to Remand with this court in order to allow the trial court to rule on her Motion for Reconsideration. On May 1, 2006, we denied Phyllis' Motion to Remand, holding that the motion constituted either an impermissible Motion to Set Aside Default Judgment or a Motion to Correct Error deemed denied by operation of law on February 24, 2006. Thereafter, on May 30, 2006, Phyllis filed a Motion to Reconsider our ruling, which we hereby deny.
[3] Even though the parties argue about the proper characterization of this motion, filed on around October 11, 2005, we agree with the decision of our motions panel declaring the motion to be a proper motion to set aside default judgment pursuant to T.R. 60(B).