**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 22 2013, 6:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRIAN R. GATES**
**TIMOTHY W. WOODS**
**J. THOMAS VETNE**
Jones Obenchain, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**ELIZABETH B. SEARLE**
Ball Eggleston PC
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CO-ALLIANCE, LLP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 91A04-1211-PL-606 |
| | ) | |
| MONTICELLO FARM SERVICE, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE WHITE CIRCUIT COURT
The Honorable Robert W. Thacker, Judge
Cause No. 91C01-1102-PL-10

**July 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

Two creditors are involved in a dispute over the priority of their competing security interests in crop proceeds. Co-Alliance, LLP, seeks to challenge a trial court order favorable to Monticello Farm Service, Inc. Concluding that the order is not a final judgment or an interlocutory order appealable as a matter of right, we dismiss for lack of jurisdiction.

FACTS AND PROCEDURAL HISTORY

Timothy, Lisa, Ross, and Dane Clark and their farming operations pledged their 2010 crop proceeds as collateral to obtain loans from three different creditors, who perfected their security interests in the following order: First Farmers Bank & Trust, Co-Alliance, and Monticello. In June 2010, the Bank and Monticello entered into a subordination agreement in which Monticello agreed to finance the Clarks' 2010 crops in an amount not to exceed the principal sum of $340,000, and in turn, the Bank agreed to subordinate its interests in those crops to Monticello's interests in the same.

Timothy and Lisa filed for bankruptcy in federal court in November 2010. At that time, the Bank claimed it was owed $2,382,000, Co-Alliance claimed it was owed $221,000, and Monticello claimed it was owed $216,000. In December 2011, the Clarks and the three creditors entered into a settlement agreement in which the Clarks and the Bank waived any claim to $181,000 of the 2010 crop proceeds. The Bank "assign[ed] any interest it may have in those remaining proceeds to Co-Alliance subject to the rights and interests of Monticello pursuant to the Subordination Agreement dated June 25, 2010." Appellant's App. p. 305. For their part, Co-Alliance and Monticello waived any

2

claim to 2010 crop proceeds exceeding $181,000. The Clarks agreed to hold $181,000 in the escrow account of their attorney.

Meanwhile, in February 2011, the Bank sought foreclosure and a money judgment against Ross and Dane in the White Circuit Court. Several other parties, including Co-Alliance and Monticello, were named as defendants due to their interests in the Clarks' property. Monticello answered and cross-claimed against the other defendants. After the settlement agreement was filed in the bankruptcy proceedings, Monticello obtained leave to amend its cross-claim to join Timothy and Lisa, who had signed certain promissory notes alongside Ross and Dane, so that Monticello could claim the $181,000 available from the 2010 crop proceeds.

Co-Alliance counterclaimed against Monticello, asserting that it held the first priority lien on the $181,000 and further alleging that Monticello converted a number of checks by depositing them without the necessary endorsements. On Co-Alliance's motion, the trial court directed the $181,000 to be transferred to the trial court clerk.

Monticello and Co-Alliance each moved for partial summary judgment, and the trial court held a hearing. On October 31, 2012, the court found that Monticello was entitled to the disputed funds and thus granted Monticello's motion and denied Co-Alliance's motion. The order directed the trial court clerk to "continue to hold in trust" the $181,000 "until further Order of the Court determines that distribution should and shall be made upon the partial summary judgment entered herein." *Id.* at 22.

ISSUE

Dispositive in this case is whether we must dismiss for lack of jurisdiction.

DISCUSSION AND DECISION

In its Notice of Appeal, Co-Alliance claims the trial court's October 31, 2012 order is appealable as a matter of right because it is an interlocutory order for the payment of money. *See* Ind. Appellate Rule 14(A)(1) (an appeal from an interlocutory order "[f]or the payment of money" may be taken as a matter of right). However, the court's order was not for the payment of money. Although the court determined that Monticello was entitled to the disputed funds, it explicitly directed the clerk to continue to hold the funds in trust until further order. The chronological case summary does not reflect that the court has yet ordered the distribution of the funds.

Nor is the court's order a final judgment. It does not dispose of all claims as to all parties or expressly determine that there is no just reason for delay and direct entry of judgment. The order is thus "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Ind. Trial Rule 54(B).

"The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments." *Allstate Ins. Co. v. Fields*, 842 N.E.2d 804, 806 (Ind. 2006) (citing Ind. Appellate Rules 4(A)(1), 5(A)).

This limited authority, among other things, buttresses the ability of trial judges to manage litigation as they may think most likely to produce prompt and just outcomes. The parties are certainly free to request that Judge Thacker certify for interlocutory

4

appeal those rulings challenged in the appeal we dismiss today, and Judge Thacker will likewise be free to do so or not.

CONCLUSION

We therefore dismiss this appeal.

NAJAM, J., and KIRSCH, J., concur.